UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**ROY S. MOORE,**
    **Plaintiff,**

**v.**

**TIANA LOWE,** *et al.*
    **Defendants.**

Case No. 4:20-CV-124

## MEMORANDUM OPINION

Plaintiff Roy Moore sues a group of Defendants for defamation and intentional infliction of emotional distress based on statements some Defendants made in articles and opinion pieces published by the *Washington Examiner*. Defendants have moved to dismiss Moore's amended complaint. Doc. 31.

For the reasons stated below, the court **GRANTS** Defendants' motion and dismisses Moore's amended complaint without prejudice, so that Moore can plead facts that would cure the deficiencies in his amended complaint.

## BACKGROUND

Moore was the Republican nominee in the 2017 special election for one of Alabama's seats in the United States Senate. One month before the election, the *Washington Post* ran an article in which four women accused Moore of courting them when Moore was in his early 30s and the women were ages 14 to 18. More allegations surfaced in the month that followed.

1

The court detailed those allegations in *Moore v. Cecil*, 4:19-cv-1855 (N.D. Ala.) (doc. 45 at 2-14) and will not repeat that effort here. In short, the two most serious allegations were levied by Leigh Corfman and Beverly Nelson Young, both of whom alleged that Moore sexually assaulted them when they were teenagers (14 and 16 respectively). Many media outlets covered the allegations, and some labeled Moore as a "child predator," a "child molester," and a "pedophile."

Moore lost the 2017 special election and decided to run for the same seat when it reopened in 2020. In the weeks leading up to Moore's announcement that he would run again in 2020, the *Washington Examiner* published four opinion pieces and two news stories that recounted the 2017 allegations and election result. Defendants' characterizations of Moore were, to be kind, unflattering:

- "Accused sexual assailant and pedophile";
- "Credibly accused sexually pedophilic predator";
- "Comic book villain";
- "Skunk"; and
- A "terrible human being."

Doc. 5, ¶¶ 14-42. The articles generally considered the 2017 accusations as credible and described Nelson's account as saying that Moore was "attempting to rape her." *Id.* ¶ 22.

Moore sent the *Washington Examiner*, its executive editor (Klein), and one of its writers (Lowe) a letter that claimed that certain statements were defamatory and libelous and must be retracted. Doc. 5-1 at 10. But the *Examiner* did not retract its articles; it kept writing. Doc. 5, ¶¶ 29-40.

So Moore sued Defendants, alleging defamation per se (Count 1), defamation by implication (Count 2), and IIED/outrage (Count 3).

## ANALYSIS

This case is like *Moore v. Cecil* (4:19-cv-1855). Moore is represented by the same attorneys in both cases, and both involve similar statements made about Moore (*e.g.*, pedophile, child molester). So the court held a joint hearing on the motions to dismiss.

At the hearing, the court began to note specific deficiencies in this (*Moore v. Lowe*) amended complaint. Moore's counsel responded, "Your honor, we don't need to belabor it. We will amend the complaint." The court agreed that an amendment was proper under *Michel v. NYP Holdings, Inc.*, in which the Eleventh Circuit said that a public figure who alleges actual malice "should be given the opportunity to amend his complaint to plead further facts in support of his claims." 816 F.3d 686, 706 (11th Cir. 2016).

Moore did not concede the deficiencies, but all parties left with the understanding that Moore would re-plead his complaint to address the points raised

3

by Defendants in their briefs (docs. 31, 43, 45) and the court during the hearing. So the court will not go into the same detail here as the 80-plus pages the court has written in *Moore v. Cecil*. The court does, however, briefly address the arguments raised by Defendants, starting with jurisdiction. The court will sometimes refer to its opinions in *Moore v. Cecil* as *Cecil* Part I and *Cecil* Part II.

I.    **Personal Jurisdiction over Clarity Media, Anschutz, and Klein**

Defendant Clarity Media Group is the parent company of Defendant WNPC, which publishes the *Washington Examiner*. Defendant Philip Anschutz owns Clarity Media Group. Defendant Philip Klein was the *Washington Examiner's* executive editor and was one of the three recipients of Moore's letter that demanded a retraction. Defendants argue that this court lacks personal jurisdiction over these three Defendants because Moore did not allege any facts that explain how they were involved in publishing the defamatory statements. Doc. 31 at 26-30.

Moore responds that the offending articles could not have been published without the consent and knowledge of these Defendants. Doc. 39 at 22. The court needn't rule here whether consent or knowledge is enough to establish personal jurisdiction because Moore did not plead those facts in his amended complaint. Doc. 5. Nor did Moore plead any facts that would show that these Defendants had constant and pervasive contacts with Alabama (*i.e.*, the basis for general jurisdiction) or that any of these Defendants aimed at Alabama any of the actions that form the basis of

this case (*i.e.*, the basis for specific jurisdiction). So the court dismisses Defendants Clarity Media Group, Anschutz, and Klein for lack of personal jurisdiction.

## II. Deficient Pleading

### A. Count 1 (Defamation per se)

As the court explained at the motion hearing, Count 1 does not point to a specific statement that Moore alleges is defamatory. That means Moore also fails to sufficiently plead actual malice for a specific defamatory statement. So the court dismisses Count 1 because it only alleges conclusory statements. Should Moore re-plead Count 1, the court encourages Moore to specify the defamatory statement and then plead facts that would establish both defamation under Alabama law and actual malice under the First Amendment for that statement.

### B. Count 2 (Defamation by implication)

Moore does specify the alleged defamatory statements in Count 2. But some of these statements involve use of terms like "pedophile" and "sexually assaulted" that the court held in *Cecil* Parts I and II lack the requisite actual malice. So the court must dismiss Count 2 to the extent that it claims those terms are defamatory and Defendants made them with actual malice.

Moore pleads some statements, however, that present slight variations from the statements at issue in *Cecil*:

5

- Moore had "intimate" relationships with women other than Corfman and Nelson (Doc. 5, ¶57);
- Moore "attempted to rape" Nelson (Doc. 5, ¶¶57, 62-63);
- Moore "hit on" Miller (Doc. 5, ¶58); and,
- Moore was "famous for being banned from a mall because he sexually preyed on underaged girls" (Doc. 5, ¶61).

Because Moore plans to amend his complaint to cure other deficiencies with Counts 1-3, the court does not analyze these statements here. The court instead reminds Moore that he must plead facts that would establish both state-law defamation and actual malice for each individual statement.

### C. Count 3 (IIED/Outrage)

The court must dismiss Moore's IIED claim for two reasons. First, Moore merely pleads conclusory statements. *See* Doc. 5, ¶¶ 73-75. Moore does not plead a particular statement that was outrageous and made with actual malice; nor does he plead any specifics about the distress that statement caused him. Moore's pleading is little more than a recitation of the IIED standard.

Second, as the court explained in *Cecil* Part II (pages 21-23), Alabama courts have recognized only three categories of action that are "so extreme and outrageous" that they can sustain an IIED claim, and making false accusations in a political ad is not one of them. If false accusations in a political ad cannot sustain an IIED claim, then neither can false accusations in a political news article or opinion piece. So the court must dismiss Count III for deficient pleading and failure to state a claim on which relief can be granted.

## CONCLUSION

The court grants Defendants' motion to dismiss (doc. 31). The court will enter a separate order that dismisses Moore's amended complaint without prejudice and allows Moore to file a second amended complaint.

**DONE** on March 31, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE